IN THE UNITED STATES COURT FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KEITA BOUBACAR,<br>Petitioner,<br><br>vs.<br><br>PAMELA BONDI, in her official capacity as Attorney General of the United States; TODD LYONS, in his official capacity as Acting Director, Immigration and Customs Enforcement; ALLEN GILL, in his official capacity as Field Office Director of Omaha; ROB JEFFREYS, in his official capacity of Director of Nebraska Department of Corrections; Department of Homeland Security | Case No. |

PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 AND COMPLAINT FOR INJUNCTIVE RELIEF

COMES NOW, Keita Boubacar, Petitioner in the above captioned case, by and through his attorney Paul J. Forney, and hereby petitions this Court for a writ of habeas corpus to remedy Petitioner's unlawful detention, and enjoin Petitioner's unlawful detention by the Respondent.  In support of this petition and complaint for injunctive relief, Petitioner alleges as follows:

## PARTIES

1. Petitioner, Boubacar Keita, is a native and citizen of Guinea.

2. Respondent Pamela Bondi, Attorney General of the United States. As such, Ms. Bondi is the head of the Department of Justice, which encompasses the Board of Immigration Appeals. Ms. Bondi is being sued in her official capacity.

3. Respondent Todd Lyons is the Acting Director, Immigration and Customs Enforcement. In this capacity, Mr. Lyons has responsibility for the enforcement of immigration laws. Mr. Lyons is being sued in his official capacity.

4. Respondent Allen Gill, Field Office Director of Omaha office of United States Immigration and Customs Enforcement. Mr. Gill is in charge overseeing and managing ICE in Nebraska. Mr. Gill is being sued in his official capacity.

5. Respondent Rob Jeffreys, Director of Nebraska Department of Corrections. In this capacity, Mr. Jeffreys oversees the entire Nebraska corrections system. Nebraska has contracted with the Department of Homeland Security to be managed by the Nebraska Department of Correctional Services. Mr. Jeffreys being sued in his official capacity.

6. Department of Homeland Security.

## JURISDICTION

7. This action arises under the Constitution of the United States, 28 U.S.C. § 2241(c)(1), and the Immigration and Nationality Act, as amended ("INA"), 8 U.S.C. § 1101 et seq. This Court has subject matter jurisdiction under 28 U.S.C. § 2241, Art. I § 9, cl. 2 of the United States Constitution ("Suspension Clause"), and 28 U.S.C. § 1331, as the Petitioner is presently in custody under color of the authority of the United States, and such custody is in violation of the Constitution, laws, or treaties of the United States. See *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001); INS v. St. Cyr, 533 U.S. 289, 301 (2001)("at its historical core, the writ of habeas corpus has served as a means of reviewing the legality of executive detention, and it is in that context that its protections have been strongest."); *Clark v. Martinez*, 543 U.S. 371 (2005) (holding that *Zadvydas* applies to aliens found inadmissible as well as removable); *Nnadika v. U.S. Att'y Gen.*, 484 F.3d 626, 632 (3rd Cir. 2007) (holding that, post-REAL ID, challenges to detention remain within the jurisdiction of the district court).

## VENUE

8. Venue lies in the District of Nebraska because Petitioner is currently detained in the territorial jurisdiction of this Court, at the McCook ICE detention facility in Nebraska. 28 U.S.C. § 2241 et seq. and 28 U.S.C. § 1391.

## EXHAUSTION OF REMEDIES

9. Courts generally require "administrative exhaustion before immigration detention may be challenged in federal court by a writ of habeas corpus." *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 496 (S.D.N.Y. 2025) (citations omitted). However, such exhaustion is not a "statutory requirement." *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 496 (S.D.N.Y. 2025) (citations and quotations omitted). Courts can waive the exhaustion requirement if administrative remedies would be futile or irreparable injury will result. *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1251 (W.D. Wash. 2025). Since the Petitioner is facing deportation, irreparable injury will result.

## STATEMENT OF FACTS

10. Petitioner is a citizen and national of Guinea. The Petitioner's first and only illegal entry into the United States was in 2024 when entering into California. On February 14, 2024, the Petitioner was served with a Notice to Appear.

11. On November 3, 2025, the Petitioner reported to the Grand Forks Enforcement and Removal Operations Office for a scheduled check-in. The ERO Deportation Officer conducted a records check on the Petitioner. It was discovered that the Petitioner had two traffic citations out of Cass County, North Dakota. On September 18, 2025, the Petitioner was found guilty of Driving without Liability Insurance and Care Required.

12. Based on these infractions, it was determined that the Petitioner would be placed in custody for the remainder of his immigration proceedings. On November 3, 2025, a warrant for his arrest was issued.

13. The Petitioner is currently incarcerated in McCook ICE Detention Center in McCook, Nebraska.

14. The Petitioner is currently being mandatorily detained under § 1225(b)(2) and has not been afforded a bond hearing.

## LEGAL FRAMEWORK FOR RELIEF SOUGHT

15. The issue is whether the Petitioner should be mandatorily detained under 8 U.S.C. § 1225(b)(2) or under 8 U.S.C. § 1226(a) and therefore be entitled to a bond hearing.

16. Case law and statutory construction principles show that the Petitioner is currently detained under § 1226(a).

17. The Supreme Court has held that the clear and convincing evidence standard applies to civil detention where liberty is at stake. *L.G. v. Choate*, 744 F. Supp. 3d 1172, 1186 (D. Colo. 2024).

18. While immigration proceedings are in progress, most aliens may be released on bond or paroled. *Rodriguez v. Shanahan*, 84 F. Supp. 3d 251, 254 (S.D.N.Y. 2015) (quotations omitted). There are two statutes which principally govern the detention of non-citizens pending removal proceedings, § 1225(b)(2) and § 1226(a). *Romero v. Hyde*, No. CV 25-11631-BEM, 2025 WL 2403827, at 11 (D. Mass. Aug. 19, 2025).

19. The distinction is whether the non-citizen is seeking admission or whether removal proceedings are taking place after already being in the United States. A "applicant(s) for admission" are those apprehended at the border or at a port of entry. *Rodriguez v. Robbins*, 715 F.3d 1127, 1132 (9th Cir. 2013). This 'applicant for admission' is seeking admission and detention is governed by § 1225(b)(2). *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018). This type of non-citizen, who has not gained entry, has been described as being on the 'threshold of initial entry.' *Xi v. U.S. I.N.S.*, 298 F.3d 832, 838 (9th Cir. 2002). An alien on the threshold of entry "stands on a different footing" in regard to Due Process rights. *Xi v. U.S. I.N.S.*, 298 F.3d 832, 837 (9th Cir. 2002) (citations omitted).

20. The seminal Supreme Court case for differentiating between § 1225(b)(2) and § 1226(a) is *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018).

21. In *Jennings*, the Supreme Court acknowledged and reaffirmed a basic, straightforward distinction between the two statutes. Namely, that § 1225(b)(2) applies to aliens *seeking admission* to the United States and § 1226(a) applies to aliens already in the country pending the outcome of removal proceedings (i.e., applicant for admission).

*Jennings*, 583 U.S. at 289. The law has consistently reached the sensible and obvious conclusion that these are two distinct, separate elements. *Martinez v. Hyde*, 2025 WL 2084238, at 2 (D. Mass. July 24, 2025); *Romero*, 2025 WL 2403827, at 10.

22. Indeed, § 1225(b)(2) contains different requirements than § 1226(a). For § 1225(b)(2), the statute requires both presence (<u>applicant for admission</u>) and present-tense action (<u>seeking admission</u>). See *Romero v. Hyde*, 2025 WL 2403827, at 9 (D. Mass. Aug. 19, 2025). This would mean for § 1225(b)(2) detention to apply the Petitioner, he would need to be at the 'threshold of entry' to the United States and applying for entrance. See *Xi v. U.S. I.N.S.*, 298 F.3d 832, 838 (9th Cir. 2002). When arrested, the Petitioner was in the Midwest and not near any United States border.

23. Rather, the Petitioner was already in the United States and awaiting the outcome of immigration proceedings. According to Supreme Court precedent, this implicates § 1226(a). See *Jennings*, 583 U.S. at 289.

24. The Department of Homeland Security's novel interpretation that § 1225(b)(2) would govern the Petitioner when already in the United States "is contrary to the agency's own implementing regulations, its published guidance, the decisions of its immigration judges (until very recently), decades of practice, the Supreme Court's gloss on the statutory scheme, and the overall logic of our immigration system." *Romero v. Hyde*, 795 F. Supp. 3d 271, 282 (D. Mass. 2025).

25. Furthermore, principles of statutory construction dictate that § 1226(a) has separate and distinct requirements from § 1225(b)(2).

26. A cardinal principle of statutory construction is that a statute should not be construed (if preventable) so that no clause or word will be superfluous. *Alaska Dept. of Environmental Conservation v. E.P.A.*, 540 U.S. 461, 124 S. Ct. 983, 157 L. Ed. 2d 967 (2004). Courts are hesitant to read statutes in a manner rendering parts of them superfluous or inoperative. *Republic of Sudan v. Harrison*, 139 S. Ct. 1048, 203 L. Ed. 2d 433 (2019). If two different terms are used synonymously in a statute this is superfluous language. *Born v. Allen*, 291 F.2d 345, 351 (D.C. Cir. 1960); *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1253 (11th Cir. 1999). Additionally, words in a statute should not be

construed as surplusage if a reasonable construction will provide meaning. *Lamie v. U.S. Trustee*, 540 U.S. 526, 124 S. Ct. 1023, 157 L. Ed. 2d 1024 (2004). Similarly, courts presume differences in language convey differences in meaning. *Maldonado v. Olson*, 795 F. Supp. 3d 1134, 1152 (D. Minn. 2025).

27. The presumption against superfluity is "at its strongest" when interpreting two parts of the same statutory scheme. *Maldonado*, 795 F. Supp. 3d at 1152.

28. In the case at bar, the presumption against superfluity is at its 'strongest' because two terms within the same statute (i.e., § 1225(b)(2)) scheme are being interpreted. *Maldonado*, 795 F. Supp. 3d at 1152.

29. § 1225(b)(2) uses both 'seeking admission' and 'applicant for admission,' which connotes a different meaning. *Yao v. Almodovar*, 2025 WL 3653433, at 5 (S.D.N.Y. Dec. 17, 2025). One term requires presence (i.e., applicant for admission) and the other requires present-tense action (i.e., seeking admission). *Yao*, 2025 WL 3653433, at 5. The statute would not use two different terms to describe the same statutory requirement because this is superfluous. They each must be a separate term of art with a distinct legal definition.

30. Put differently, since 'applicant for admission' is a legal term of art, § 1225(b)(2) would not use a different term synonymously in the same sentence. Rather, § 1225(b)(2) would have either 1) used the term 'applicant for admission' again or 2) omitted the term 'seeking admission' entirely. *Yao*, 2025 WL 3653433, at 5 (surrounding language of the statute reinforces these terms are not synonymous).

31. Simply put, if the "two requirements were coterminous, that disjunctive formulation would be superfluous." *Yao*, 2025 WL 3653433, at 5. Statutorily speaking, this means that § 1225(b)(2) has different requirements and applies in a different context than § 1226(a).

32. Accordingly, the Petitioner is not an 'applicant for admission' under § 1225(b)(2) because the Petitioner was not on the threshold of entry when apprehended. Rather, the Petitioner was already in the United States while his immigration proceedings are pending and is therefore detained under § 1226(a).

## CLAIM FOR RELIEF
## PROCEDURAL DUE PROCESS

33. The mandatory detention of the Petitioner in the McCook ICE Detention Center under § 1225(b) is inconsistent and violates well-established principles of procedural due process.

34. At the heart of the Fifth Amendment is the right to be free from deprivation of life, liberty, or property without due process of law. U.S. Const. amend. V. Liberty is one of the most fundamental rights afforded and at the heart of the Due Process Clause is the freedom from imprisonment. *Zadvydas*, 533 U.S. at 690. The Due Process Clause extends to all "persons" regardless of status, including non-citizens. *Lopez-Campos v. Raycraft*, 797 F. Supp. 3d 771, 784 (E.D. Mich. 2025). Indeed, the Fifth Amendment requires adequate procedural protections to ensure that the government's justification for physical confinement outweighs the constitutionally protected interest in avoiding restraint. *Zadvydas*, 533 U.S. at 690.

35. In order to determine whether civil detention violates a detainee's Fifth Amendment Due Process Rights, courts apply a three-part test. *Mathews v. Eldridge*, 424 U.S. 319 (1976). Under *Mathews*, courts weigh whether 1) the private interest that will be affected by the official action, 2) the risk of an erroneous deprivation of such interests through the procedures used, and 3) the government's interest, including the administrative burdens that the additional procedural requirement would entail. *Mathews*, 424 U.S. at 335.

36. When applying the *Mathews* test, the government must establish by clear and convincing evidence that the Petitioner is dangerous or a flight risk. *L.G.*, 744 F. Supp. 3d at 1181.

37. The Petitioner has a significant private interest in being free from physical detention. While being held in an immigration detention facility, McCook Detention Center is

effectively "indistinguishable from criminal incarceration." *Maldonado*, 795 F. Supp. 3d at 1148 (citations omitted). The Petitioner is experiencing all of the deprivations of incarceration, including loss of contact with friends and family, loss of incoming earning, lack of privacy, and lack of freedom of movement. *Maldonado*, 795 F. Supp. 3d at 1148.

38. Under the second *Mathews* factor, whether the challenged procedure creates a risk of erroneous deprivation of the individuals' private rights and the degree to which alternate procedures could reduce these risks is assessed. *Maldonado*, 795 F. Supp. 3d at 1148. Detention without any individualized assessment creates a "high risk of erroneous deprivation" of a protected liberty interest. *Edahi v. Lewis*, No. 4:25-CV-129-RGJ, 2025 WL 3466682, at 14 (W.D. Ky. Nov. 27, 2025); see also *Yao v. Almodovar*, No. 2025 WL 3653433 at 11 (S.D.N.Y. Dec. 17, 2025) (ICE's discretion free detention violated the due process) (citations and quotations omitted).

39. Furthermore, as discussed *supra*, the statutory deficiencies and plethora of contrary case law with § 1225(b) being improperly used expound the risk of erroneous deprivation of the Petitioner's due process rights.

40. The third factor is the government's interest, including the fiscal and administrative burdens that the additional procedural requirement would entail. This also requires an assessment of "public interest." *L.G.*, 744 F. Supp. 3d at 1184. Since immigration courts routinely conduct bond hearings, there are "minimal fiscal and administrative burden(s)" involved. *Hong v. Mayorkas*, 2022 WL 1078627, at 5 (W.D. Wash Apr. 11, 2022) (quoting *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004)). Accordingly, the fiscal and administrative burden of holding a bond hearing for the Petitioner is virtually nonexistent.

41. Additionally, if a noncitizen is neither a flight risk nor dangerous, there is no government or public interest in detention. *L.G.*, 744 F. Supp. 3d at 1185. The extent of the Petitioner's criminal history is nonviolent, driving related infractions. This is a far cry from the type of criminal history needed for the government to prove by 'clear and convincing' evidence that the Petitioner is a danger to the public or a flight risk.

## PRAYER FOR RELIEF

Wherefore, Petitioner prays that this Court grant the following:

42. Assume jurisdiction over this matter.
43. Grant Petitioner a writ of habeas corpus directing the Respondents to provide the Petitioner with a bond hearing *within one week*.
44. Instruct the Department of Homeland of Security that they have burden of proof to show by clear and convincing evidence that continued detention is necessary to ameliorate the risk of flight or danger.
45. The presiding immigration judge must consider ability to pay a bond and the availability of release with conditions as sufficient to protect any government interest in preventing flight risk or danger.

Respectfully submitted on February 11, 2026.

By: /s/ PAUL J. FORNEY
Paul J. Forney, #24503
Attorney for Respondent
4824 S 24TH ST.
OMAHA, NE 68107
(402) 614-9995

Uploaded on: 03/20/2024 at 19:43:20    (Eastern Daylight Time) - Base City: NYC

# DEPARTMENT OF HOMELAND SECURITY
## NOTICE TO APPEAR

In removal proceedings under section 240 of the Immigration and Nationality Act:

Subject ID: 391808604  FINS #: 1355352121
DOB: 10/08/1990

File No: A245 817 266
Event No: BRF2402000329

In the Matter of:
Respondent: BOUBACAR KEITA _____ currently residing at:

FAILED TO PROVIDE ADDRESS EOIR-33 DOCKET

(Number, street, city, state and ZIP code)    (Area code and phone number)

☐ You are an arriving alien.

☒ You are an alien present in the United States who has not been admitted or paroled.

☐ You have been admitted to the United States, but are removable for the reasons stated below.

The Department of Homeland Security alleges that you:

1. You are not a citizen or national of the United States;
2. You are a native of GUINEA and a citizen of GUINEA ;
3. You arrived in the United States at or near OTAY MESA, CA on or about February 13, 2024 ;
4. You were not then admitted or paroled after inspection by an Immigration Officer.

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:

212(a)(6)(A)(i) of the Immigration and Nationality Act, as amended, in that you are an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General.

☐ This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution or torture.

☐ Section 235(b)(1) order was vacated pursuant to:    ☐ 8CFR 208.30    ☐ 8CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an Immigration Judge of the United States Department of Justice at:

26 FEDERAL PLZ 12TH FL RM 1237   NEW YORK NY US 10278

(Complete Address of Immigration Court, including Room Number, if any)

on March 05, 2025 at 10:00 AM to show why you should not be removed from the United States based on the charge(s) set forth above.

(Date)   (Time) GERARDO MATEO
Date: 2024.02.14 20:33:19 -08:00
0812894555.CBP

Acting/Patrol Agent in Charge
(Signature and Title of Issuing Officer)

Date: February 14, 2024    San Diego, California
(City and State)

DHS Form I-862 (6/22)    Page 1 of 3

Uploaded on: 03/20/2024 at 10:43:20 (Eastern Daylight Time) Base City: NYC

## Notice to Respondent

**Warning:** Any statement you make may be used against you in removal proceedings.

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are in removal proceedings. You are required to carry it with you at all times.

**Representation:** If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 1003.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents that you desire to have considered in connection with your case. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing. At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear, including that you are inadmissible or removable. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government. At the conclusion of your hearing, you have a right to appeal an adverse decision by the immigration judge. You will be advised by the immigration judge before whom you appear of any relief from removal for which you may appear eligible including the privilege of voluntary departure. You will be given a reasonable opportunity to make any such application to the immigration judge.

**One-Year Asylum Application Deadline:** If you believe you may be eligible for asylum, you must file a Form I-589, Application for Asylum and for Withholding of Removal. The Form I-589, instructions, and information on where to file the Form can be found at www.uscis.gov/i-589. Failure to file the Form I-589 within one year of arrival may bar you from eligibility to apply for asylum pursuant to section 208(a)(2)(B) of the Immigration and Nationality Act.

**Failure to appear:** You are required to provide the Department of Homeland Security (DHS), in writing, with your full mailing address and telephone number. You must notify the Immigration Court and the DHS immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the DHS.

**Mandatory Duty to Surrender for Removal:** If you become subject to a final order of removal, you must surrender for removal to your local DHS office, listed on the internet at http://www.ice.gov/contact/ero, as directed by the DHS and required by statute and regulation. Immigration regulations at 8 CFR 1241.1 define when the removal order becomes administratively final. If you are granted voluntary departure and fail to depart the United States as required, fail to post a bond in connection with voluntary departure, or fail to comply with any other condition or term in connection with voluntary departure, you must surrender for removal on the next business day thereafter. If you do not surrender for removal as required, you will be ineligible for all forms of discretionary relief for as long as you remain in the United States and for ten years after your departure or removal. This means you will be ineligible for asylum, cancellation of removal, voluntary departure, adjustment of status, change of nonimmigrant status, registry, and related waivers for this period. If you do not surrender for removal as required, you may also be criminally prosecuted under section 243 of the Immigration and Nationality Act.

**U.S. Citizenship Claims:** If you believe you are a United States citizen, please advise the DHS by calling the ICE Law Enforcement Support Center toll free at (855) 448-6903.

**Sensitive locations:** To the extent that an enforcement action leading to a removal proceeding was taken against Respondent at a location described in 8 U.S.C. § 1229(e)(1), such action complied with 8 U.S.C. § 1367.

## Request for Prompt Hearing

To expedite a determination in my case, I request this Notice to Appear be filed with the Executive Office for Immigration Review as soon as possible. I waive my right to a 10-day period prior to appearing before an immigration judge and request my hearing be scheduled.

Before: _____

_____
(Signature of Respondent)

Date: _____

_____
(Signature and Title of Immigration Officer)

## Certificate of Service

This Notice To Appear was served on the respondent by me on **February 14, 2024**, in the following manner and in compliance with section 239(a)(1) of the Act.

[X] in person  [ ] by certified mail, returned receipt # _____ requested  [ ] by regular mail
[ ] Attached is a credible fear worksheet.
[X] Attached is a list of organization and attorneys which provide free legal services.

The alien was provided oral notice in the **PULAAR** language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act. IVAN B AGUILAR JR
Date: 2024.02.14 20:42:34 -08'00'
05691363L.CBP

_____   **Border Patrol Agent**
(Signature of Respondent if Personally Served)        (Signature and Title of officer)

DHS Form I-862 (6/22)                                                           Page 2 of 3

## Privacy Act Statement

**Authority:**

The Department of Homeland Security through U.S. Immigration and Customs Enforcement (ICE), U.S Customs and Border Protection (CBP), and U.S. Citizenship and Immigration Services (USCIS) are authorized to collect the information requested on this form pursuant to Sections 103, 237, 239, 240, and 290 of the Immigration and Nationality Act (INA), as amended (8 U.S.C. 1103, 1229, 1229a, and 1360), and the regulations issued pursuant thereto.

**Purpose:**

You are being asked to sign and date this Notice to Appear (NTA) as an acknowledgement of personal receipt of this notice. This notice, when filed with the U.S. Department of Justice's (DOJ) Executive Office for Immigration Review (EOIR), initiates removal proceedings. The NTA contains information regarding the nature of the proceedings against you, the legal authority under which proceedings are conducted, the acts or conduct alleged against you to be in violation of law, the charges against you, and the statutory provisions alleged to have been violated. The NTA also includes information about the conduct of the removal hearing, your right to representation at no expense to the government, the requirement to inform EOIR of any change in address, the consequences for failing to appear, and that generally, if you wish to apply for asylum, you must do so within one year of your arrival in the United States. If you choose to sign and date the NTA, that information will be used to confirm that you received it, and for recordkeeping

**Routine Uses:**

For United States Citizens, Lawful Permanent Residents, or individuals whose records are covered by the Judicial Redress Act of 2015 (5 U.S.C. § 552a note), your information may be disclosed in accordance with the Privacy Act of 1974, 5 U.S.C. § 552a(b), including pursuant to the routine uses published in the following DHS systems of records notices (SORN): DHS/USCIS/ICE/CBP-001 Alien File, Index, and National File Tracking System of Records, DHS/USCIS-007 Benefit Information System, DHS/ICE-011 Criminal Arrest Records and Immigration Enforcement Records (CARIER), and DHS/ICE-003 General Counsel Electronic Management System (GEMS), and DHS/CBP-023 Border Patrol Enforcement Records (BPER). These SORNs can be viewed at https://www.dhs.gov/system-records-notices-sorns. When disclosed to the DOJ's EOIR for immigration proceedings, this information that is maintained and used by DOJ is covered by the following DOJ SORN: EOIR-001, Records and Management Information System, or any updated or successor SORN, which can be viewed at https://www.justice.gov/opcl/doj-systems-records. Further, your information may be disclosed pursuant to routine uses described in the abovementioned DHS SORNs or DOJ EOIR SORN to federal, state, local, tribal, territorial, and foreign law enforcement agencies for enforcement, investigatory, litigation, or other similar purposes.

For all others, as appropriate under United States law and DHS policy, the information you provide may be shared internally within DHS, as well as with federal, state, local, tribal, territorial, and foreign law enforcement; other government agencies; and other parties for enforcement, investigatory, litigation, or other similar purposes.

**Disclosure:**

Providing your signature and the date of your signature is voluntary. There are no effects on you for not providing your signature and date; however, removal proceedings may continue notwithstanding the failure or refusal to provide this information.

U.S. Department of Homeland Security                    Continuation Page for Form I-213

| Alien's Name | File Number | Date |
|---|---|---|
| KEITA, BOUBACAR | 245 817 266<br>Event No: XGC2611000001 | 11/03/2025 |

02/13/2024 - 212a6Ai - ALIEN PRESENT WITHOUT ADMISSION OR PAROLE - (PWAs)

NAME AND ADDRESS OF US EMPLOYER
--------------------------------
Fargo Molding, 1405 43rd St N Fargo, NORTH DAKOTA, 58102, UNITED STATES

TYPE OF EMPLOYMENT
------------------
Operators, Fabricators, and Laborers

FUNDS IN POSSESSION
-------------------
United States Dollar 141.00

Record of Deportable/Excludable Alien:
--------------------------------------
ALIENAGE: Boubacar KEITA is a citizen and national of Guinea. KEITA is not a citizen or national of the United States and makes no claim to lawful permanent resident status. KEITA entered the United States at an unknown location and unknown date without being admitted or paroled by an Immigration Officer and at that time he arrived at a time or place other than as designated by the Attorney General. KEITA claims his first and only illegal entry into the United States was in 2024 and he entered illegally through California. KEITA is amenable to removal proceedings as per section 212 (a)(6)(A)(i), Aliens Present Without Being Admitted.

ENCOUNTER: On November 3, 2025, KEITA reported to the Grand Forks ERO office for his scheduled check-in. ERO Deportation Officer (DO) Fleck conducted records checks on KEITA. DO Fleck discovered KEITA had two traffic citations out of Cass County, ND. On September 18, 2025, KEITA was found guilty of Driving without liability insurance and care required. KEITA was brought back to the processing area of ERO. It was determined that KEITA would be placed in custody for the remainder of his immigration proceedings. Special Agent (SA) Daniel Casetta, HSI Grand Forks, processed KEITA.

On November 3, 2025, KEITA was issued a Form 200 Warrant for Arrest. KEITA was transported to Tri-County Correctional Center in Crookston, MN.

IMMIGRATION HISTORY:
On February 13, 2024, KEITA was encountered by USBP in the area of Otay Mesa, CA. KEITA was served a NTA.

CRIMINAL HISTORY:
Date: 9/18/2025
Agency: Cass County, ND
Charge: Driving without liability insurance, care required
Disposition: Convicted, closed

CONSULATE NOTIFICATION: On November 3, 2025, KEITA was explained his consulate rights and given the opportunity to contact the Consulate of Guinea. KEITA declined to contact the consulate.

PHONE PRIVILEDGES:
Phone call completed successfully: Yes

| Signature | Title |
|---|---|
| DANIEL CASETTA | Special Agent |

EOIR                                                            2 of 3 Pages

Form I-831 Continuation Page (Rev. 08/01/07)

| U.S. Department of Homeland Security | | Continuation Page for Form I-213 |
|---|---|---|
| Alien's Name<br>KEITA, BOUBACAR | File Number<br>245 817 266<br>Event No: XGC2611000001 | Date<br>11/03/2025 |

Date and Time of Call: November 3, 2025
Name and Telephone number of person called: Fargo Molding 701-639-0380
Relationship of the person to the detainee: Work
Length of call: 2 minutes

Phone call completed successfully: Yes
Date and Time of Call: November 3, 2025
Name and Telephone number of person called: Juldeh Jalloh 612-706-1315
Relationship of the person to the detainee: Attorney
Length of call: 2 minutes

HEALTH: KEITA stated he is in good health and is not taking any medications

MONEY/ASSETS IN POSSESSION: KEITA had $141 on his person during processing.

FEAR CLAIM:
KEITA stated he does fear of returning to Guinea. KEITA has a pending I-589 claim.

KEITA came to the United States because of fear.

MILITARY SERVICE: KETIA stated he did not serve in the United States military.

PENDING IMMIGRATION PETITIONS/BENEFITS:
Record checks confirmed that KEITA does not have any status in the United States. KEITA does have a pending I-589.

FAMILY IN THE UNITED STATES:
None.

DISPOSITION: On November 3, 2025, KEITA was served with a Warrant of Alien Arrest, and given a list of free legal services. KEITA was processed administratively for 8 USC 1182(a) Removal Proceedings.

Other Identifying Numbers
------------------------------
ALIEN-245817266

| Signature<br>DANIEL CASETTA | Title<br>Special Agent |
|---|---|

3 of 3 Pages

| U.S. Department of Homeland Security | Subject ID : 400588239 | | Record of Deportable/Inadmissible Alien |
|---|---|---|---|

| Family Name (CAPS) | First | Middle | Sex | Hair | Eyes | Cmplxn |
|---|---|---|---|---|---|---|
| KEITA, BOUBACAR | | | M | BLK | BRO | MED |

| Country of Citizenship | Passport Number and Country of Issue | File Number | Height | Weight | Occupation |
|---|---|---|---|---|---|
| GUINEA | 000950795 GUINEA | XGC2611000001 / 245 817 266 | 72 | 186 | LABORER |

| U.S. Address | Scars and Marks |
|---|---|
| 1112 22ND ST S APT 206, FARGO, NORTH DAKOTA, 58103, | See Narrative |

| Date, Place, Time, and Manner of Last Entry | Passenger Boarded at | F.B.I Number | Marital Status |
|---|---|---|---|
| 02/13/2024 Unknown Time, | | 86FWL5D51 | Single / Divorced / Married / Widower / Separated |

| Number, Street, City, Province (State) and Country of Permanent Residence | Method of Location/Apprehension |
|---|---|
| TRAIN TRACKS AREA KINDIA, GUINEA | CA |

| Date of Birth | Date of Action | Location Code | At/Near | Date/Hour |
|---|---|---|---|---|
| 10/08/1990  Age: 35 | 11/03/2025 | XGC/XMS | | 11/03/2025 08:59 |

| City, Province (State) and Country of Birth | AR ☒ | Form (Type and No.) Lifted ☐ Not Lifted ☐ | By |
|---|---|---|---|
| GUINEA | | | DANIEL CASETTA |

| NIV Issuing Post and NIV Number | Social Security Account Name | Status at Entry | Status When Found |
|---|---|---|---|
| | | | |

| Date Visa Issued | Social Security Number | Length of Time Illegally in U.S. |
|---|---|---|
| | | |

| Immigration Record | Criminal Record |
|---|---|
| NEGATIVE | |

| Name, Address, and Nationality of Spouse (Maiden Name, if Appropriate) | Number and Nationality of Minor Children |
|---|---|
| | None |

| Father's Name, Nationality, and Address, if Known | Mother's Present and Maiden Names, Nationality, and Address, if Known |
|---|---|
| Keita, OUSMAIN NATIONALITY: GUINEA | Diallp, FATOM NATIONALITY: GUINEA |

| Monies Due/Property in U.S. Not in Immediate Possession | Fingerprinted? ☐ Yes ☒ No  Systems Checks | Charge Code Word(s) |
|---|---|---|
| None Claimed | | See Narrative |

| Name and Address of (Last)(Current) U.S. Employer | Type of Employment | Salary | Employed from/to |
|---|---|---|---|
| See Narrative | See Narrative | | Hr 09/09/2025 |

Narrative (Outline particulars under which alien was located/apprehended. Include details not shown above regarding time, place and manner of last entry, attempted entry, or any other entry, and elements which establish administrative and/or criminal violation. Indicate means and route of travel to interior.)

Left Index fingerprint     Right Index fingerprint

SCARS MARKS AND TATTOOS
--------------------------
None Indicated - None

Subject Health Status
--------------------------
The subject claims good health.

Current Administrative Charges ...(CONTINUED ON I-831)

DANIEL CASETTA
Special Agent

Alien has been advised of communication privileges  11/3/25 (Date/Initials)   (Signature and Title of Immigration Officer)

| Distribution: | Received: (Subject and Documents) (Report of Interview) |
|---|---|
| | Officer: DANIEL CASETTA |
| | on November 3, 2025 (time) |
| | Disposition: Other |
| | Examining Officer: LIPPINGER, T4595 |

Form I-213 (Rev. 08 01 07)

EOIR — 1 of 3

Exh Served on respondent through counsel via ECAS.

VICTOR BURGESON
Digitally signed by VICTOR BURGESON
Date: 2025.11.24 10:21:47

Legal Administrative Specialist: BURGESON

**DEPARTMENT OF HOMELAND SECURITY**
**U.S. Immigration and Customs Enforcement**

**NOTICE TO EOIR: ALIEN ADDRESS**

Event No: XGC2611000001

Date: January 30, 2026

To: Enter Name of BIA or Immigration Court I-830 OMAHA, NEBRASKA

Enter BIA or Immigration Court Three Letter Code@usdoj.gov OMA

From: Enter Name of ICE Office OMAHA, NE, DOCKET CONTROL OFFICE

Enter Street Address of ICE Office U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT 1717 AVENUE H

Enter City, State and Zip Code of ICE Office OMAHA, NE 68110

Respondent: Enter Respondent's Name KEITA, BOUBACAR

Alien File No: Enter Respondent's Alien Number 245 817 266

This is to notify you that this respondent is:

☐ Currently incarcerated by federal, state or local authorities. A charging document has been served on the respondent and an Immigration Detainer-Notice of Action by the ICE (Form I-247) has been filed with the institution shown below. He/she is incarcerated at:

Enter Name of Institution where Respondent is being detained

Enter Street Address of Institution where Respondent is being detained

Enter City, State and Zip code of Institution where Respondent is being detained

Enter Respondent's Inmate Number

His/her anticipated release date is Enter Respondent's Anticipated Release Date.

☐ Detained by ICE on Enter Date Respondent was Detained by ICE at: November 3, 2025

Enter Name of ICE Detention Facility where Respondent is being detained

Enter Street Address of ICE Detention Facility where Respondent is being detained

Enter City, State and Zip Code of ICE Detention Facility where Respondent is being detained

☒ Detained by ICE and transferred on Enter Date Respondent was transferred to: January 29, 2026
Enter Name of ICE Detention Facility where Respondent has been transferred MCCOOK ICE IGSA

Enter Street Address of ICE Detention Facility where Respondent has been transferred  2309 N HIGHWAY 83

Enter City, State and Zip Code of ICE Detention Facility where Respondent has been transferred MCCOOK, NE 69001

☐ Released from ICE custody on the following condition(s):
  ☐ Order of Supervision or Own Recognizance (Form I-220A)
  ☐ Bond in the amount of Enter Dollar Amount of Respondent's Bond
  ☐ Removed, Deported, or Excluded
  ☐ Other

Upon release from ICE custody, the respondent reported his/her address and telephone number would be:
Enter Respondent's Street Address

Enter Respondent's City, State and Zip Code

Enter Respondent's Telephone Number (including area code)

☒ I hereby certify that the respondent was provided an EOIR-33 Form and notified that they must inform the Immigration Court of any further change of address.

ICE Official: Enter Your First, Last Name and Title (A) SDDO Q. 5821 ERDMAN

ICE Form I-830E (9/09)                                                         Page 1 of 1

EOIR – 1 of 1

ECAS