IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KEITA BOUBACAR,<br><br>Petitioner,<br><br>vs.<br><br>PAMELA BONDI, in her official capacity as Attorney General of the United States; TODD LYONS, in his official capacity as Acting Director, Immigration and Customs Enforcement; ALLEN GILL, in his official capacity as Field Office Director of Omaha; ROB JEFFREYS, in his official capacity of Director of Nebraska Department of Corrections; and  DEPARTMENT OF HOMELAND SECURITY,<br><br>Respondents. | **8:26CV59**<br><br><br>**ORDER TO SHOW CAUSE** |

This matter is before the Court on Petitioner Keita Boubacar's Petition for Writ of Habeas Corpus. (Filing No. 1).

Boubacar is a Guinean national and citizen who entered the United States in 2024. (Filing No. 1 at 4). He was served with a Notice to Appear initiating removal proceedings against him shortly after his arrival. (Filing No. 1 at 12). Respondents detained him in November 2025 following a "scheduled check-in" at the Grand Forks Enforcement and Removal Operations Office. (Filing No. 1 at 4). Boubacar alleges he is being "mandatorily detained under [8 U.S.C.] 1225(b)(2) and has not been afforded a bond hearing." (Filing No. 1 at 4). He is in custody at the McCook ICE Detention Center in McCook, Nebraska. (Filing No. 1 at 4).

Boubacar alleges that his detention is unlawful. He seeks, among other relief, an order directing Respondents "to provide [him] with a bond hearing within one week." (Filing No. 1 at 11). The habeas statute provides that the Court must grant the petition for a writ or order Respondents to "show cause why the writ should not be granted unless it appears from the application that [Boubacar] is not entitled" to relief. 28 U.S.C. § 2243. The order to show cause must be "directed to the person having custody of [Boubacar]." *Id.* The order must "be returned within three days" unless "good cause for additional time, not to exceed twenty days, is allowed." *Id.* The person to whom the order is directed "shall make a return certifying the true cause of [Boubacar's] detention." *Id.*

The Court cannot say from the face of the petition that Boubacar is not entitled to relief. Accordingly, the Court orders Boubacar to serve his petition and a copy of this Order on Respondents and file proof of service with the Court. Respondents shall then show cause why the writ should not be granted. After Boubacar replies, the Court will set a hearing on the matter. The Court finds the need to serve Respondents and the complexity of the legal issues constitute good cause for the briefing schedule to the extent it allows a response beyond the three days ordinarily allowed under 28 U.S.C. § 2243.

Further, the Court finds cause to preserve the status quo and the Court's jurisdiction by ordering that Boubacar may not be removed from the United States or the District of Nebraska until further order of this Court. *See* 28 U.S.C. § 1651; *A.A.R.P. v. Trump*, 145 S. Ct. 1364, 1368 (2025) ("grant[ing] temporary injunctive relief" against removal "to preserve our jurisdiction" while adjudicating the merits). Accordingly,

**IT IS ORDERED:**

1. Petitioner Keita Boubacar shall serve his Petition for Writ of Habeas Corpus (Filing No. 1) and a copy of this Order on Respondents as soon as is practicable, and file proof of such service with the Court.
2. Respondents shall, within three business days of being served, make a return certifying the true cause of the petitioner's detention and showing cause why the writ should not be granted.
3. Petitioner shall reply in support of his petition within three business days of the Respondents' return.

4. The Court will then set a prompt hearing on this matter.

5. Respondents shall not remove Petitioner from the United States or the District of Nebraska until further order of the Court.

Dated this 12th day of February, 2026.

BY THE COURT:

Susan M. Bazis
United States District Judge