IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KEITA BOUBACAR,<br><br>Petitioner,<br><br>vs.<br><br>PAMELA BONDI, in her official capacity as Attorney General of the United States; TODD LYONS, in his official capacity as Acting Director, Immigration and Customs Enforcement; ALLEN GILL, in his official capacity as Field Office Director of Omaha; ROB JEFFREYS, in his official capacity of Director of Nebraska Department of Corrections; and DEPARTMENT OF HOMELAND SECURITY,<br><br>Respondents. | **8:26CV59**<br><br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Petitioner Keita Boubacar's motion for default judgment. (Filing No. 11). The Court previously ordered him to serve his petition and a copy of its show cause order (Filing No. 5) on Respondents "as soon as practicable" and to "file proof of such service with the Court." (Filing No. 5 at 2).

In his motion, Boubacar asserts that he served each respondent by "mail[ing] a physical copy" of the petition. (Filing No. 11 at 2). Only Respondent Rob Jeffreys responded (Filing No. 9), so Boubacar seeks a default judgment against the other Respondents and immediate release from custody.

But there is a threshold problem. At least based on the evidence before the Court, the other Respondents—three officers and an agency of the United States—were not properly served. To

serve a United States agency or officer in their official capacity, Fed. R. Civ. P. 4(i)(2) requires a party to *both* "serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee." *Id.; see* 4B Wright & Miller, *Federal Practice and Procedure* § 1107 (4th ed.) ("In addition to requiring service on the agency, corporation, or officer being sued, Rule 4(i)(2) also requires that the United States itself be served as provided for in Rule 4(i)(1).").

Here, Boubacar has only satisfied part of Rule 4(i)(2). While it appears he sent a copy of the petition and the Court's show cause order to the United States agency and officers (Filing No. 11-1), he has not served the United States itself as provided for in Rule 4(i)(1). His motion for a default judgment will therefore be denied. *See, e.g., Norsyn, Inc. v. Desai,* 351 F.3d 825, 830 (8th Cir. 2003); *Printed Media Servs., Inc. v. Solna Web, Inc.,* 11 F.3d 838, 843 (8th Cir. 1993). Accordingly,

**IT IS ORDERED:**

1.  Petitioner Keita Boubacar's motion for default judgment (Filing No. 11) is denied.

Dated this 12th day of March, 2026.

BY THE COURT:

Susan M. Bazis
United States District Judge

2