IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

KEITA BOUBACAR,

Petitioner,

vs.

TODD BLANCHE,[1] in his official capacity as
Attorney General of the United States; TODD
LYONS, in his official capacity as Acting
Director, Immigration and Customs
Enforcement; ALLEN GILL, in his official
capacity as Field Office Director of Omaha;
ROB JEFFREYS, in his official capacity of
Director of Nebraska Department of
Corrections; and  DEPARTMENT OF
HOMELAND SECURITY,

Respondents.

8:26CV59

MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Keita Boubacar's petition for a writ of habeas corpus. (Filing No. 1). Boubacar, a noncitizen facing removal from the United States, is detained by U.S. Immigrations and Customs Enforcement. He alleges his detention is unlawful because he has not received a bond hearing. For the reasons set forth below, his petition will be denied.

## BACKGROUND

Boubacar is a Guinean national and citizen. (Filing No. 1 at 2). He entered the United States "at or near Otay Mesa, [California]" in 2024. (Filing No. 15 at 3). Shortly after his arrival, the U.S. Department of Homeland Security (DHS) served Boubacar with a Notice to Appear initiating

---

[1] Acting Attorney General Blanche is automatically substituted for his predecessor under Fed. R. Civ. P. 25(d).

removal proceedings, among other documents. (Filing No. 15 at 3). Boubacar later applied for asylum and withholding of removal. (Filing No. 15 at 3).

In November 2025, Boubacar went to a scheduled check-in appointment at a U.S. Immigrations and Customs Enforcement (ICE) office in Grand Forks, North Dakota. (Filing No. 1 at 4). ICE conducted a routine criminal history check and found that Boubacar had been convicted for driving without liability insurance. (Filing No. 15 at 4). So ICE placed him under arrest and "determined" that he "would be placed in custody for the remainder of his immigration proceedings." (Filing No. 1 at 4). ICE issued and executed an arrest warrant the same day. (Filing No. 15-2). At some point, Boubacar was transferred to the "McCook ICE Detention Center" in McCook, Nebraska, where he remains. (Filing No. 1 at 4).

Meanwhile, Boubacar's removal proceedings continued to play out. In December 2025, DHS filed a motion to "pretermit" his application for asylum and withholding of removal under the "Asylum Cooperative Agreement" with Uganda. (Filing No. 15 at 4). The immigration judge granted that motion and ordered Boubacar removed there. (Filing No. 15 at 4). Boubacar appealed that decision in March 2026. (Filing No. 15 at 4).

This petition for a writ of habeas corpus followed. Boubacar alleges his detention is unlawful in that he "is currently being mandatorily detained under [8 U.S.C. § 1225(b)(2)] and has not been afforded a bond hearing." (Filing No. 1 at 4). He seeks, among other relief, an order "directing the Respondents to provide [him] with a bond hearing within one week." (Filing No. 1 at 11). In Boubacar's view, "[t]he issue is whether the Petitioner should be mandatorily detained under 8 U.S.C. § 1225(b)(2) or under 8 U.S.C. § 1226(a) and therefore be entitled to a bond hearing." (Filing No. 1 at 6). Boubacar also alleges that his detention without a bond hearing "violates well-established principles of procedural due process." (Filing No. 1 at 9).

The Court directed Boubacar to serve his petition on Respondents (Filing No. 5) and ordered Respondents to file a return on the petition within three business days of service to show cause why the petition should not be granted. The Federal Respondents[2] did so (Filing No. 13) and

---

[2] The Federal Respondents are all but Director of the Nebraska Department of Corrections Rob Jeffreys. (Filing No. 13 at 3 n.1). Director Jeffreys separately responded to the petition, taking "no position on the substantive issues raised in the Petition" or "whether Petitioner's writ should or should not be granted." (Filing No. 9).

Boubacar replied (Filing No. 19). The parties agreed to waive a hearing on Boubacar's petition in their briefing, and the Court deemed the matter submitted on their written arguments. (Filing No. 13 at 17); (Filing No. 19 at 6); *see* 28 U.S.C. § 2243.

## STANDARD OF REVIEW

"Habeas is at its core a remedy for unlawful executive detention." *Munaf v. Green*, 553 U.S. 674, 693 (2008). The Constitution guarantees that the writ of habeas corpus is available to every individual detained within the United States. *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. Art. I, § 9, cl. 2). District courts may grant writs of habeas corpus. 28 U.S.C. § 2241(a). The Court's jurisdiction to hear habeas challenges extends to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Boubacar bears the burden to show that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

## DISCUSSION

Boubacar's petition raises two questions: whether he is entitled to a bond hearing on either statutory or constitutional grounds.

The Eighth Circuit's decision in *Avila v. Bondi*—issued while this case was pending— answers the first question. That case "concern[ed] the scope of the Government's power to detain aliens under 8 U.S.C. § 1225." *Avila v. Bondi*, 2026 WL 819258, at *2 (8th Cir. Mar. 25, 2026). Section 1225(a)(1) specifies that the statute applies to an alien who is an "applicant for admission." By definition, "[a]n alien present in the United States who has not been admitted or who arrives in the United States . . . shall be deemed for purposes of this chapter an applicant for admission." § 1225(a)(1). "Being 'admitted' does not merely mean being present in the United States; under immigration law, it signifies having made a lawful entry into the country." *Avila,* 2026 WL 819258, at *2 (citing 8 U.S.C. § 1101(a)(13)(A) ("The terms 'admission' and 'admitted' mean, with respect to an alien, the lawful entry of the alien into the United States after inspection and authorization by an immigration officer.").

A different part of the statute "describes the Government's power to detain" applicants for admission. *Id.* "[I]n the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien *seeking admission* is not clearly and beyond a doubt entitled to be admitted, the alien *shall be detained* for [removal proceedings]." § 1225(b)(2)(A)

3

(emphases added). Unlike "applicant for admission," the phrase "seeking admission" is left undefined in the statute. *See id.* "Thus, taking § 1225(a)(1) and (b)(2)(A) together, the central inquiry is whether an alien who is an "applicant for admission" is also "seeking admission" under § 1225(b)(2)(A)." *Avila,* 2026 WL 819258, at *2. If they are, "then, generally, any 'alien present in the United States who has not been admitted'"—like Boubacar here—"shall be detained." *Id.* (quoting § 1225(a)(1), (b)(2)(A)).

The Eighth Circuit held that the terms are equivalent. It "agree[d] with the Fifth Circuit that the ordinary meanings of the phrases 'applicant for admission' and 'seeking admission' are the same." *Id.* (citing *Buenrostro-Mendez v. Bondi,* 166 F.4th 494, 502 (5th Cir. 2026)). So while a noncitizen remains an "applicant for admission" so long as they are "present in the United States [and] has not been admitted," they are also "presently seeking admission" during this time, regardless of whether they take "any further affirmative steps to gain admittance." *Id.*

*Avila* settles the issue of whether § 1225 applies to Boubacar. It does. He is an "applicant for admission" as that term is defined by statute: "[a]n alien present in the United States who has not been admitted or who arrives in the United States." 8 U.S.C. § 1225(a)(1). He is an "alien present in the United States." *Id.* And he "has not been admitted" because he did not "lawful[ly] ent[er] [the country] after inspection and authorization by an immigration officer." *Id.* § 1101(a)(13)(A). As an applicant for admission, binding[3] Eighth Circuit precedent requires that Boubacar be detained under § 1225(b)(2). *Avila,* 2026 WL 819258, at *2. Thus, the statutory argument he raises in his petition fails.

But, Boubacar says, *Avila* did not foreclose his procedural due process claim. He is correct that the Eighth Circuit's decision in *Avila* was based on its construction of § 1225(b)(2), not the Fifth Amendment. *Cf. id.* at *8 n.8 (Erickson, J., dissenting). Well-established principles from other cases, however, establish that he is not entitled to relief on constitutional grounds.

There is no question the Fifth Amendment entitles aliens to due process of law in deportation proceedings. *Reno v. Flores*, 507 U.S. 292, 306 (1993). But at the same time, the U.S.

---

[3] In his reply, Boubacar suggests *Avila* would be "persuasive authority" if his sole argument was that § 1225(b)(2) did not apply to him. (Filing No. 19 at 3). Even if that were so, he is mistaken. *Avila* is binding on the Court. *See Hood v. United States*, 342 F.3d 861, 864 (8th Cir. 2003) (district courts in the Eighth Circuit are bound to apply Eighth Circuit precedent).

Supreme Court "has recognized detention during deportation proceedings as a constitutionally valid aspect of the deportation process." *Demore v. Kim*, 538 U.S. 510, 523 (2003). In *Demore,* the Supreme Court reaffirmed its "longstanding view that the [g]overnment may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings." *Id.* at 526. The reason, according to the Court, was that "Congress may make rules as to aliens that would be unacceptable if applied to citizens." *Id.* at 522. "In other words, the government has more flexibility when dealing with immigration." *Banyee v. Garland*, 115 F.4th 928, 931 (8th Cir. 2024). And as an "applicant for admission," Boubacar "has only those rights regarding admission that Congress has provided by statute." *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 105 (2020). Boubacar has no right to a bond hearing given § 1225(b)(2)'s application to him. Under that statute, he "shall be detained" and is not entitled to a bond hearing as a matter of procedural due process. *See Jennings v. Rodriguez,* 583 U.S. 281, 297 (2018) (characterizing § 1225(b)(2) as "mandat[ing] detention of applicants for admission until certain proceedings have concluded.").

Boubacar does not grapple with those authorities. Instead, he relies exclusively on—and faults the Federal Respondents for not addressing—the three-factor test from *Mathews v. Eldridge,* 424 U.S. 319 (1976). It is true, as Boubacar points out, that deciding what process is due ordinarily requires a form of interest balancing. But cases like *Demore* "leave no room for a multi-factor 'reasonableness' test" and "have already done whatever balancing is necessary" in the detention context. *Banyee,* 115 F.4th at 933. *See, e.g., Demore,* 538 U.S. at 528, (explaining that "when the Government deals with deportable aliens, the Due Process Clause does not require it to employ the least burdensome means," so it is sufficient if "detention necessarily serves the purpose of preventing deportable aliens from fleeing prior to or during their removal proceedings"); *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) (linking a reasonable time limitation for detention to "the likelihood of removal in the reasonably foreseeable future"). As the Eighth Circuit noted, "the lead *dissent* in *Demore* advocated for the type of 'individual determination' [Boubacar] now seeks, presumably under a *Mathews*-type inquiry." *Banyee,* 115 F.4th at 933 (emphasis in original). *Mathews* is therefore inapplicable here.

In sum, *Avila* forecloses Boubacar's statutory arguments. While *Avila* does not foreclose Boubacar's procedural due process claim, other Supreme Court and Eighth Circuit precedent does. Thus, Boubacar is not entitled to habeas relief. Accordingly,

**IT IS ORDERED:**

1. Petitioner Keita Boubacar's petition for a writ of habeas corpus (Filing No. 1) is denied.

2. A separate judgment will be entered.

Dated this 10th day of April, 2026.

BY THE COURT:

Susan M. Bazis
United States District Judge

6